

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| 970 Broad Street, 7th Floor | (973) 297-2723 |
| Newark, New Jersey 07102 | FAX (973) 297-2006 |

April 5, 2010

<u>Via Fax & Overnight Mail</u>

Joseph A. Hayden, Jr., Esq.
Kevin A. Buchan, Esq.
Walder, Hayden & Brogan, P.A.
5 Becker Farm Road
Roseland, NJ 07068-1727

    Re:   <u>Plea Agreement with Peter Cammarano</u>

Gentlemen:

    This letter sets forth the plea agreement between your client, Peter Cammarano, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Peter Cammarano to a one-count Information, which charges him with conspiring to obstruct interstate commerce by extortion under color of official right, in violation of Title 18, United States Code, Section 1951.  If Peter Cammarano enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Peter Cammarano for, from in or about April 2009 to in or about July 2009, conspiring to accept and accepting corrupt payments from an individual, with consent, in exchange for Peter Cammarano's official action, influence and assistance in Hoboken Government matters.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Peter Cammarano agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Peter Cammarano may be commenced against him, notwithstanding the expiration of the limitations period after Peter Cammarano signs the agreement.

<u>Sentencing</u>

    The violation of 18 U.S.C. § 1951 to which Peter Cammarano

agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Peter Cammarano is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Peter Cammarano ultimately will receive.

Further, in addition to imposing any other penalty on Peter Cammarano, the sentencing judge: (1) will order Peter Cammarano to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Peter Cammarano to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Peter Cammarano, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require Peter Cammarano to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Peter Cammarano be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Peter Cammarano may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture Provision

Peter Cammarano agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, he will forfeit to the United States all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to $25,000. It is agreed that the above-referenced

property constitutes proceeds or is derived from proceeds traceable to the commission of the offense and therefore are subject to forfeiture.

### Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Peter Cammarano by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Peter Cammarano's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Peter Cammarano agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Peter Cammarano from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Peter Cammarano waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Peter Cammarano. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil proceeding against Peter Cammarano.

No Other Promises

This agreement constitutes the plea agreement between Peter Cammarano and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Brian R. Howe, AUSA
Deputy Chief, Special Prosecutions Division

    I have received this letter from my attorney, Joseph A. Hayden, Jr., Esq., I have read it and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____  Date: 4/9/10
Peter Cammarano

_____  Date: 4/9/10
Joseph A. Hayden, Jr., Esq.
Counsel for Peter Cammarano

Plea Agreement With Peter Cammarano

Schedule A

1. This Office and Peter Cammarano recognize that the United States Sentencing Guidelines are not binding upon the Court. Except as set forth in paragraph 9 below, this Office and Peter Cammarano nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Peter Cammarano within the Guidelines range that results from the total Guidelines offense level set forth below. Except as set forth in paragraph 8 below, this Office and Peter Cammarano further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2009, applies in this case. The applicable guideline is U.S.S.G. § 2C1.1. This guideline carries a Base Offense Level of 14. See U.S.S.G. § 2C1.1(a)(1).

3. The value of the payments Peter Cammarano accepted was more than $10,000, but not more than $30,000. This results in an increase of 4 levels, pursuant to U.S.S.G. §§ 2C1.1(b)(2) and 2B1.1(b)(1)(C).

4. The offense involved an elected public official and a public official in a high-level decision-making or sensitive position. This results in an increase of 4 levels. U.S.S.G. § 2C1.1(b)(3).

5. As of the date of this letter, Peter Cammarano has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Peter Cammarano's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, Peter Cammarano has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Peter Cammarano enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Peter Cammarano's

offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Peter Cammarano will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Peter Cammarano is 17 (the "agreed total Guidelines offense level").

8. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable. The parties agree to a two-level variance from the guidelines level and imprisonment range based on defendant Peter Cammarano's timely assistance in the investigation and prosecution of the misconduct set forth in the Criminal Complaint and Information. Peter Cammarano reserves his right to seek a further downward variance based upon his personal history and characteristics in accordance with 18 U.S.C. § 3553(a)(1). The United States reserves the right to oppose any such request for a variance in connection with his personal history and characteristics.

9. Peter Cammarano knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

10. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal,

collateral attack, writ or motion not barred by the preceding paragraph.